IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert J. SHIER, attorney at law.

Supreme Court

*No. 81–177–D. Filed June 9, 1981.*
(Also reported in 306 N.W.2d 248.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license to practice law revoked.*

On January 26, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Robert J. Shier, an attorney admitted to practice in this state since 1955, and who practices in Watertown, was guilty of unprofessional conduct in the handling of his trust account. An audit of the trust account conducted by the Board disclosed that there was as much as $97,500 deposited in it, which was money not received from clients but which belonged to third parties. The audit revealed numerous occasions on which Shier had withdrawn his clients' funds from the trust account and used them for his own personal purposes or to cover obligations of other clients.

The complaint also alleged that in 1967 Shier purchased his law office building from a client and that in 1971 he executed a real estate mortgage to that client in the amount of $35,700. On May 29, 1975, the mortgage was satisfied of record, but the client denied that she

had signed a satisfaction. Shier issued a new mortgage and note to the client on July 8, 1976, in an amount slightly over $29,000, as a result of which the client's position changed from a first and primary mortgagee to a secondary mortgagee. It was alleged that Shier failed to disclose potential conflicts of interest to the client and to advise her to obtain independent counsel.

Other allegations of misconduct concerned Shier's execution and delivery of a promissory note and mortgage to a client without advising the client to seek independent advice, without disclosing to the client that there were unpaid real estate taxes on the mortgaged property and without providing the client with an opinion of title. Shier had the client execute a note in the amount of $35,000 to a bank for a loan, the proceeds of which Shier received, deposited into his trust account and subsequently disbursed to a third party. At the time he executed the note, the client was informed by Shier that he was to be a co-signer, but in fact he was the maker of the note. In another instance, Shier had a client sign a promissory note in the belief that he was to be a co-signer, but in fact he was the maker of the note. Shier induced that client to pledge stock which he did not own as collateral for the loan, the proceeds of which were paid to Shier or to others at Shier's direction.

During the disciplinary proceedings before the district grievance committee Shier admitted that he had a serious alcohol problem and that he was dependent on alcohol. The Board's complaint alleged that Shier's ability and judgment in the practice of law were adversely affected by his alcohol dependency so as to render him medically incapacitated under SCR 21.07 (2).

The court referred the matter to the Hon. William Sachtjen as referee pursuant to SCR 21.09. On April 29, 1981, counsel for the Board and Shier and his attorney entered into a stipulation whereby the allegations of

misconduct involving the trust account were admitted and it was agreed that such conduct violated SCR 20.04 (4) and 20.50. It was further stipulated that Shier's conduct did not cause any of his clients any monetary loss and that all moneys which he used have been repaid to his clients or to the appropriate parties. Shier admitted to misconduct in connection with the purchase of his law office building in violation of SCR 20.24(1), and the parties agreed that Shier's conduct in having his client sign a promissory note in the mistaken belief that he was a co-signer, when in fact he was the maker of the note, constituted misconduct in violation of SCR 20.04(4). The stipulation did not address the other allegations of misconduct contained in the complaint.

In the stipulation Shier admitted his medical incapacity as a result of alcohol dependency and agreed to the referee's recommending discipline in the form of the revocation of his license to practice law. He also waived his right to a hearing on the allegations of the complaint, as well as his right to appeal from the referee's report and recommendation.

On May 18, 1981, the referee filed his report and recommendation, in which he made findings of fact and conclusions of law consistent with the stipulation. The referee recommends that Shier's license to practice law be revoked and that he be required to pay the costs and fees incurred in the disciplinary action. We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of Robert J. Shier to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that Robert J. Shier pay the costs of this proceeding in the amount of $2,887.90 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order.